IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

KENNETH EDWARD BRADHAM   *

    Plaintiff,   *

    v.   *   2:11-CV-348-ID
        (WO)
DENNIS MEEKS, *et al.*,   *

    Defendants.   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, is currently confined at the Covington County Jail located in Andalusia, Alabama. In this 42 U.S.C. § 1983 action, he complains about an incident which occurred at the jail on April 6, 2011 which resulted in an injury to his hand. Plaintiff names as Defendants Sheriff Dennis Meeks, Captain Preston Hughes, Sergeant Keith Varner, and Eric Thahan.

Upon consideration of the pleadings filed in this case, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

Defendant Thahan entered A-Block of the Covington County Jail on April 6, 2011 "in a rage." In this agitated state, the jailer picked up a mop bucket and threw it which caused the wheels on the bucket to fly off. Plaintiff's hand was struck by a wheel and inmate Charles Marshall was also hit by a flying wheel. Defendant Thahan subsequently brought Plaintiff ice for his hand which had become swollen and apologized to him for the incident. Medical personnel examined Plaintiff's hand the next day. Plaintiff received pain medication and was scheduled for an x-ray. X-rays taken April 22, 2011 revealed a fracture to Plaintiff's right hand. Plaintiff asserts that Defendant Varner watched Defendant Thahan throw the mop bucket but did not discipline him for his conduct. (*Doc. No. 1*.)

The law is well settled that the Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property. *Daniels v. Williams*, 474 U.S. 327 (1986). In this case, Plaintiff's claims with respect to being injured after Defendant Thahan angrily and apparently spontaneously threw a mop bucket, at best, shows only a lack of due care by prison officials which is not actionable under 42 U.S.C. § 1983. The protections of the Constitution "are just not triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *see also Whitley v. Albers,* 475 U.S. at 319 (holding that a violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . .safety").

Based on the foregoing, the court concludes that the alleged negligent conduct about which Plaintiff complains, without more, does not rise to the level of a constitutional violation and, therefore, provides no basis for relief in this 42 U.S.C. § 1983 action. Plaintiff's complaint is, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the complaint be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before **May 23, 2011** the parties shall file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 10th day of May 2011.

 /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE